UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SCOTT MICHAEL THOMPSON     CIVIL ACTION NO. 08-0922

VS.     SECTION P

UNITED STATES DISTRICT COURT     JUDGE DOHERTY

    MAGISTRATE JUDGE METHVIN

*REPORT AND RECOMMENDATION*

Scott Michael Thompson, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections, is incarcerated at the Winn Correctional Center, Winnfield, Louisiana, where he is serving concurrent five year sentences imposed following felony convictions in Assumption and St. Martin Parish on April 10, 2006 and February 28, 2007.

On June 27, 2008 he filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 seeking credit for time served in state custody against a federal sentence of 113 months that was imposed by this court on November 15, 2006 following petitioner's counterfeiting convictions in the matter entitled *United States of America v. Scott Michael Thompson*, No. 6:06-cr-60034.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED** for failing to state a claim for which relief may be granted.

*Background*

Petitioner was arrested and charged with simple arson by the St. Martin Parish Sheriff's Office on November 7, 2005. He was incarcerated in the St. Martin Parish Jail until February 2,

2006 when he was released pursuant to La. C.Cr.P. art. 701 because the State violated his right to a speedy trial.[1] He was then taken into custody by the authorities in St. Mary Parish where he was also charged with arson. He remained incarcerated in the St. Mary Parish Jail until April 3, 2006 when he was returned to St. Martin Parish where he was convicted and sentenced. On April 10, 2006 he was returned to St. Mary Parish. On November 15, 2006 he was sentenced in this court to serve two concurrent sentences of 113 months. The court specifically ordered that these sentences be served concurrently with the sentences imposed in St. Martin Parish. See 6:06-cr-60034 at rec. docs. 49 and 51. Then, on February 8, 2007 he was convicted of forgery and drug charges in Assumption Parish and sentenced to concurrent five year sentences.

Petitioner filed the instant petition on June 27, 2008. He claims that he has been in continuous custody since his arrest on November 7, 2005. He asks the court to adjust his 113 month sentence to 108 months "... to compensate for credit for time served beginning November 7, 2005, the date I was arrested and incarcerated ... the date that legitimately begins my continuous incarceration..." [rec. doc. 1, p. 7]

*Law and Analysis*

**1. 28 U.S.C. §2241**

A federal prisoner seeking credit on his sentence may "file his petition pursuant to § 2241, but he must first exhaust his administrative remedies through the Bureau of Prisons." *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir.1990). To the extent that petitioner does in

---

[1] Art. 701 provides time limitations for filing a bill of information or indictment, for arraignment, and for trial; violations of the defendant's right to a speedy trial under the statute may result in the release of the defendant without bail or in the discharge of the defendant's bail obligation.

fact seek credit for time served in State custody against his forthcoming federal sentence, he has chosen the appropriate manner to raise the issue.

Nevertheless, it appears that petitioner misunderstands the concept of "credit for time served." He has not yet been taken into the custody of the Federal Bureau of Prisons. He offers no reason to believe that the BOP will disregard the Court's directive to credit him for time served; nor does he offer a reason to believe that the BOP's calculation of credits will somehow be in violation of the Constitution and laws of the United States.[2]  In order to obtain *habeas corpus* relief, petitioner must demonstrate that "[h]e is in custody in violation of the Constitution or laws ... of the United States..." See 28 U.S.C. §2241(c)(3). He has failed to do so and therefore his petition for habeas relief should be dismissed with prejudice for failing to state a claim for which relief may be granted.

Further, his pleadings strongly suggest that he has not yet commenced the administrative remedy process with the BOP and therefore, even if he did state a claim for which relief might be granted, his petition would be subject to dismissal for failing to exhaust the administrative remedies available through the BOP. *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir.1990).

**2. Fed.R.Crim.P. Rule 35 and 28 U.S.C. §2255**

Read literally, the instant petition seeks a <u>reduction</u> of petitioner's sentence, a remedy available, if at all, through a Motion to Correct or Reduce Sentence filed in accordance with the provisions of Federal Rules of Criminal Procedure Rule 35 or, a Motion to Vacate filed pursuant to 28 U.S.C. §2255.

---

[2] Federal law provides, "[A] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... that has not been credited against another sentence." 18 U.S.C. § 3585(b)

The former statute permits reduction of a criminal sentence by the trial court under certain specific circumstances – to correct an sentence that resulted from arithmetical, technical, or other clear error if filed within 7 days of sentencing, or, on motion of the government – and those circumstances do not apply to petitioner's case.

The latter statute provides: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255.

Petitioner has characterized his civil action as arising under §2241; nevertheless, the Court is authorized to construe *pro se* pleadings liberally. However, as a result of the significant restrictions imposed under the AEDPA, the United States Supreme Court has held that federal courts may not "recharacterize a *pro se* litigant's motion as the litigant's first §2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent §2255 motions to the laws 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003).

The undersigned is reluctant to recharacterize the instant petition as a Motion to Vacate pursuant to 28 U.S.C. §2255 because the pleadings and the exhibits submitted thus far fail to state any grounds for relief authorized by the statute. More specifically, petitioner has not even alleged that "... the sentence was imposed in violation of the Constitution or laws of the United

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack..." To the extent that petitioner desires to collaterally attack his conviction or sentence in a Motion to Vacate, he should request the appropriate forms and do so, alleging the appropriate grounds for relief and specific facts supporting those grounds. Petitioner is warned, however, that any such Motion must be filed within one (1) year of the date his judgment of conviction becomes final. See 28 U.S.C. §2255(f).

Therefore, and in consideration of the foregoing,

**IT IS RECOMMENDED** that this petition for *habeas corpus* filed pursuant to the provisions of 28 U.S.C. §2241 be **DISMISSED** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

6

**conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on July 16, 2008.

*[signature]*

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)